IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                      No. CR S-01-0528 FCD JFM P

    vs.

RAUL COMETA CANCIO,

    Movant.                        ORDER TO SHOW CAUSE

_____/

        On November 3, 2003, movant, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Therein, movant challenges his 2002 conviction, entered pursuant to a guilty plea, on charges of engaging in illegal kickbacks in violation of 42 U.S.C. § 1320a-7b(b), claiming that he received constitutionally ineffective assistance of counsel, that he was improperly denied his right to appeal, and that his guilty plea was unlawfully induced and was neither voluntary nor intelligent. In opposition to the motion, respondent contends that movant waived his right to appeal and to collaterally attack his conviction and that movant's claims are without merit.[1]  In his traverse,

---

[1] Respondent filed an opposition to movant's motion on February 2, 2004.  On March 8, 2004, movant filed a traverse in which he, inter alia, pointed to several factual errors in respondent's opposition. By order filed April 15, 2004, respondent was granted a period of ten days in which to file an amended response to the motion, as well as a copy of movant's plea

1

movant states, inter alia, that he "is not even fighting for any right at this point for he had finished serving his full sentence" and that he just "wish [sic] to be heard and request that his conviction be expunged taking into consideration the circumstances that surround his involuntary involvement in the crime." (Defendant's Traverse on Government's Opposition, filed March 8, 2004, at 2.) He also asserts that he "retains all grounds raised in the motion filed for reasons that these are truthful statements. (Id. at 3.)

On December 30, 2005, respondent filed a motion to dismiss this action. Therein, respondent posits that movant has "apparently abandoned his motion." (Government's Motion to Dismiss, filed December 30, 2005, at 2.) Despite being given an opportunity to do so, movant has not opposed respondent's motion to dismiss.

It appears that movant may have abandoned this action. The court possesses the discretionary authority to dismiss an action based on a movant's failure to diligently prosecute. Fed. R. Civ. P. 41(b); Rule 12, 28 U.S.C. foll. § 2255. Good cause appearing, movant will be ordered to show cause in writing why this action should not be dismissed for lack of prosecution. If movant has any reasons why this action should not be dismissed, he shall submit them by sworn declaration of facts no later than twenty-one days from the date of this order. Failure to respond to this order will result in a recommendation that movant's § 2255 motion be dismissed. See Fed. R. Civ. P. 41(b); Rule 12, 28 U.S.C. foll. § 2255; Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days from the date of this order movant shall show cause, if any he has, in writing why his § 2255 motion action should not be dismissed for lack of prosecution. Failure to respond to this order will result

/////

/////

---

agreement and a copy of the transcript of the entry of movant's plea. On April 29, 2004, respondent filed a response to the April 15, 2004, in which respondent incorporates by reference the contentions of its' February 2, 2004 opposition.

1 in a recommendation that movant's § 2255 motion be dismissed.  See Fed. R. Civ. P. 41(b); Rule
2 12, 28 U.S.C. foll. § 2255; Local Rule 11-110.
3 DATED: April 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
canc0528.dlop

3